WILLIAM T. GOULD, assignee, plaintiff in error, *vs.* ROBERT C. KERR, trustee, defendant in error.

1. To sustain an action for rent, the relation of landlord and tenant must be shown to have existed between the parties. The defendant must have, in some way, exercised control over the property.
2. An assignee for the benefit of the creditors of a bank, is not liable for the rent of a room in which the books of the bank were, after the assignment, deposited by the president of the bank, it not appearing that the assignee exercised any control over the room, or had any use for said books.

Landlord and tenant. Assignment. Before Judge POTTLE. Richmond Superior Court. October Adjourned Term, 1874.

Robert C. Kerr, as trustee of Eliza R. Kerr, brought complaint against William T. Gould, as assignee of the Mechanics' Bank, on an account for $480 00, for rent of room where the books and effects of the bank were stored from September 30th, 1869, to September 30th, 1873, at $120 00 per year. The defendant pleaded the general issue. The evidence disclosed the following facts:

On the 4th of January, 1866, the Mechanics' Bank, being insolvent, made an assignment to W. T. Gould, for the benefit of creditors, and he has in his hands the sum of $4,000 00, subject to distribution. Since the war, the bank building, etc., was in the custody of the federal authority. Metcalf was the president, who died in 1870. After the sale of the banking house, which must have been made very soon after the execution of the deed of assignment, Metcalf took the books of the bank away to some place not shown by the proof. The next that was known of them they were in the house of the plaintiff. It must be presumed that they were put there, either by Metcalf or by some one having authority. There was no express contract to pay rent for the books by any one. The deed of assignment was in evidence, and while the counsel for plaintiff insisted that the books of the bank were covered by this deed, the defendant denied that they were. The books remained in the room of plaintiff from 1869 to 1873. After

referring to the books as containing a "particular description" of the lands, "all the furniture, fixtures and movables of every description," are covered by the deed, "together with al other personal chattles," etc.   These words, and the whole paper shows that it was the intention to convey the whole estate of this bank to Judge Gould for the use of creditors.   The assignee knew that the books were in plaintiff's room after Metcalf's death, in 1870.

The jury found for the plaintiff under instructions from the court to that effect.   The defendant moved for a new trial on the ground of error in such instructions.   The motion was overruled, and the defendant excepted.

WILLIAM T. GOULD; W. H. HULL, for plaintiff in error.

FRANK H. MILLER, for defendant.

McCAY, Judge.

1. That a debt for rent may exist, the relation of landlord and tenant must. exist.   There is no pretence here that Mr. Gould ever, directly or indirectly, had or exercised any control or dominion of this room.   Had these goods been in fact his, and been put for safe keeping in this room by the president of the bank, with his assent, perhaps a question might arise, whether he was not impliedly liable for storage.

2. But under the evidence we do not think Mr. Gould liable in any way.   These books did not become his by the assignment.   The bank is still in existence, and the books belong to it.   The proof is, that Mr. Gould had no use for them, and never did take any custody or control over them.   He did, by permission of Mr. Metcalf's executor, look among them for the minutes in which his deed of assignment was written, but he did not find it.   That his deed does refer to a description of certain lands contained in the books might give him the right to examine that book, to get at the description, but even that book would still be the property of the bank.   That the bank may owe this debt is true enough, but

it is a debt contracted since the assignment, and cannot claim with the beneficiaries of that assignment, much less come in and take the money from them, as would be the effect of this verdict. We think it clear that, under the proof, the plaintiff in error is not liable, either for the rent of this room or for storage of the books.

Judgment reversed.